IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. BANK NA, § | | |
|    PLAINTIFF, § | | |
| § | | |
| v. § | CIVIL CASE NO. 3:18-CV-3223-S-BK | |
| § | | |
| BERNEICE A. RAASCH § | | |
| § | | |
|    DEFENDANT. § | | |

## FINDINGS, RECOMMENDATIONS, AND CONCLUSIONS
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Judge's Order of Referral, Doc. 11, the Court now considers Plaintiff's *Motion for Default Judgment.* Doc. 9. The requisites for default judgment having been satisfied in this case, it is recommended that the motion be **GRANTED**.

**A. Background**

Plaintiff initiated this declaratory judgment action against Defendant in December 2018, seeking to foreclose on real property due to Defendant's default on the loan agreement she executed in connection with the purchase of her residence (the "Property"). Doc. 1 at 3-4. Plaintiff avers that it served Defendant with the requisite notices of default and intent to accelerate, but the default was not cured so the maturity of the debt was accelerated. Doc. 1 at 3. Accordingly, Plaintiff now brings this suit to obtain an order for foreclosure. Doc. 1 at 4. Despite being served with the summons and complaint via substitute service, Defendant failed to answer or otherwise respond to this suit. Doc. 6. Consequently, the Clerk entered a default against Defendant at Plaintiff's request. Doc. 8; Doc. 10. Plaintiff now seeks a default judgment against Defendant. Doc. 9.

B. **Applicable Law**

The conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment, are found in Rule 55 of the Federal Rules of Civil Procedure. The entry of default judgment is the culmination of three events: (1) default, which occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure; (2) entry of default by the clerk of court when such default is established by affidavit or otherwise; and (3) application by plaintiff for a default judgment after the entry of default. FED. R. CIV. P. 55(a); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

Standing alone, however, a defendant's default does not entitle a plaintiff to a default judgment. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam); *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The decision to grant a default judgment is one soundly within the district court's discretion. *Lewis*, 236 F. 3d at 767. "[D]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Id.* (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Assoc.*, 874 F.2d 274, 276 (5th Cir. 1989)). There must be a sufficient basis in the pleadings for a court to enter judgment by default. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. In defaulting, defendants, by virtue of having a default entered against them, are deemed to have admitted the well-pleaded allegations of the complaint and are precluded from contesting the established facts. *Id.* (citations omitted).

### C. Argument and Analysis

Plaintiff requests the Court to enter a default judgment against Defendant, permitting foreclosure on the Property at issue. Doc. 9 at 2-3. Additionally, Plaintiff requests reasonable and necessary attorneys' fees, with the award not made as a money judgment against Defendant, but as a further obligation owed by Defendant under the governing note and deed of trust. Doc. 9 at 4. Plaintiff has submitted a comprehensive proposed order. Doc. 9-2 at 1-4.

Based on the record in this action, the Court determines that Defendant is in default and that Plaintiff is entitled to a default judgment, declaratory relief, foreclosure of the Property, and attorneys' fees and costs. In short, the well-pleaded allegations of Plaintiff's complaint establish that Defendant executed a deed of trust and a Note in the principal amount of $50,000.00, in July 2000. Doc. 1 at 2-3. Defendant subsequently failed to make the requisite monthly payments and defaulted on the loan. Doc. 1 at 4. Plaintiff, as current holder of the note and deed of trust, advised Defendant of the default and notified her that the loan may be accelerated, but she failed to cure the default. Doc. 1 at 4-5. Plaintiff thereafter accelerated the balance of the note. Doc. 1 at 4.

Upon consideration of those facts, Plaintiff has presented the Court a sufficient basis on which to grant a default judgment against Defendant on its claim for foreclosure. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. Additionally, Plaintiff alleges that it is entitled to reasonable attorneys' fees pursuant to Texas state law and the terms of Defendant's loan documents. Doc. 1 at 4-5. Taking this well-pleaded allegation as true, Plaintiff is also entitled to default judgment on this claim.

**D. Conclusion**

For the foregoing reasons, it is recommended that Plaintiff's *Motion for Default Judgment*, Doc. 9, be **GRANTED**, and that upon acceptance of this recommendation, the Court enter Plaintiff's proposed Final Default Judgment, Doc. 9-2 at 1-4.

**SO RECOMMENDED** on April 2, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICES AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).