IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. BANK NA, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:18-CV-3223-S-BK |
| | § | |
| BERNEICE A. RAASCH, | § | |
| | § | |
|     DEFENDANT. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Judge's Order of Referral, Doc. 17, the Court now considers *Plaintiff's Motion for Award of Attorneys' Fees*. Doc. 15. For the reasons detailed below, the motion should be **GRANTED**.

**A. Background**

Plaintiff initiated this declaratory judgment action against Defendant in December 2018, seeking to foreclose on real property due to Defendant's default on the loan agreement she executed in connection with the purchase of her residence (the "Property"). Doc. 1 at 3-4. When Defendant failed to answer or otherwise respond to this suit, the Clerk entered a default against Defendant. Doc. 8; Doc. 10. In April 2019, the Court granted Plaintiff's motion for a default judgment and awarded Plaintiff attorneys' fees and costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, in an amount to be determined by subsequent motion. Doc. 14 at 3. Plaintiff now moves for entry of a fee and costs award totaling $4,338.00. Doc. 15.

**B. Applicable Law**

The Court of Appeals for the Fifth Circuit employs a two-step process when determining an award of attorneys' fees. *Jimenez v. Wood Cnty., Tex.*, 621 F.3d 372, 379 (5th Cir. 2010) (citing *Rutherford v. Harris Cnty., Tex.*, 197 F.3d 173, 192 (5th Cir. 1999)). The first step is the lodestar calculation, "which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.* In evaluating the reasonableness of the number of hours claimed, courts determine "whether the total hours claimed are reasonable [and] also whether particular hours claimed were reasonably expended." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 325 (5th Cir. 1995). The party seeking attorneys' fees bears the burden of establishing the prevailing market rate for similar services. *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). Following the calculation of the lodestar, the Court then must determine whether to adjust the fee on the basis of several other factors that may be of significance in the particular case.[1] There is a strong presumption that the lodestar calculation represents the reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

**C. Fees and Costs**

In support of its motion, Plaintiff has filed lead counsel's affidavit and resume as well as redacted billing invoices. Doc. 16-1. Counsel attests that his law firm's hourly rate for attorneys

---

[1] *See Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). The *Johnson* factors consist of: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).

and paralegals is $215.00 and $95.00, respectively. Doc. 16-1 at 4. Considering counsel's experience and the Court's knowledge of comparable attorney and paralegal billing rates, the Court finds that the hourly rates charged in this case were reasonable. *See also Islamic Ctr. of Miss., Inc. v. City of Starkville*, 876 F.2d 465, 469 (5th Cir. 1989) ("When that rate is not contested, it is *prima facie* reasonable.").

Upon review of Plaintiff's billing summaries, counsel collectively billed approximately 14 hours and several paralegals collectively billed roughly eight hours. Doc. 16-1 at 8-18. Although Plaintiff does not separately enumerate it, the $4,338.00 total requested includes costs of $400.00 for the court filing fee and $192.00 for service of process, both of which are recoverable. Doc. 16-1 at 8, 10; *see* 28 U.S.C. § 1920. The balance of $3,746.00 in attorneys' and paralegal fees expended in obtaining a final default judgment and an order authorizing foreclosure is inherently reasonable.

**D. Conclusion**

For the foregoing reasons, *Plaintiff's Motion for Award of Attorneys' Fees*, Doc. 15, should be **GRANTED**, and Plaintiff should be awarded attorneys' fees and costs totaling $4,338.00.

**SO RECOMMENDED** on November 5, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICES AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).